ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL IV

| ELSA I. CORTES CRUZ<br><br>Recurrida<br><br>v.<br><br>PEDRO I. MUÑIZ DÍAZ<br><br>Peticionario | **TA2025CE00608** | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Municipal de Ponce<br><br>Civil Núm.: OPA2023-034443<br><br>Sobre: Orden de Protección, Ley 54 |
| --- | --- | --- |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero.

Bonilla Ortiz, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico a 6 de noviembre de 2025.

Comparece ante este foro el Sr. Pedro I. Muñiz Díaz (señor Muñiz o "el peticionario") y nos solicita que revisemos una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Municipal de Ponce, notificada el 12 de septiembre de 2025. Mediante el referido dictamen, el foro primario determinó que no tenía competencia para ordenar la devolución de la licencia de armas del peticionario, sino que le correspondía al Negociado de la Policía.

Por los fundamentos que expondremos a continuación, **EXPEDIMOS** el auto de *certiorari* y **REVOCAMOS** la *Resolución* recurrida.

### I.

Según surge del expediente, el 27 de junio de 2023, el foro primario expidió una *Orden de Protección* solicitada por la Sra. Elsa Cortes Cruz (señora Cruz o

"la recurrida") en contra del peticionario.[1] En dicho dictamen, el foro primario ordenó a que el señor Muñiz entregara a la Policía de Puerto Rico cualquier arma de fuego que le pertenezca o tenga bajo su control. Finalmente, indicó que la *Orden de Protección* tendría vigencia hasta el 27 de diciembre de 2023.

Posteriormente, el 5 de septiembre de 2025, el señor Muñiz presentó una *Moción en Solicitud de Orden*.[2] Mediante la cual, indicó que, habiendo vencido la orden de protección, solicitaba se le devolviera la *Licencia de Armas 246099*, la cual había sido ocupada por la Policía de Puerto Rico.

No obstante, el 12 de septiembre de 2025, el foro primario notificó la *Resolución* recurrida.[3] En la cual, se declaró sin competencia para ordenar la devolución de la licencia de armas. Indicó que, el peticionario debió radicar su petición ante el Negociado de la Policía.

Inconforme, el 14 de octubre de 2025, el señor Muñiz presentó el recurso de epígrafe en el cual planteó el siguiente señalamiento de error:

> Erró el TPI al declarar No Ha Lugar la solicitud de devolución de licencia de armas, cuando la jurisdicción y competencia para tal solicitud corresponde al Tribunal.

El 16 de octubre de 2025, emitimos una *Resolución* concediéndole a la parte recurrida quince (15) días para que presentara su alegato en oposición.

En consideración a lo anterior, eximimos a la parte recurrida de presentar escrito en oposición al recurso de epígrafe. Ello, en virtud de la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada,

---

[1] *Orden de Protección*, anexo 1 en el apéndice del recurso.
[2] *Moción en Solicitud de Orden*, anexo 3 en el apéndice del recurso.
[3] *Resolución*, anexo 2 en el apéndice del recurso.

la cual le concede a este Tribunal "la facultad para prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho, y proveer el más amplio acceso al tribunal, de forma que no se impida impartir justicia apelativa a la ciudadanía."

## II.

### -A-

El auto de *certiorari* permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *800 Ponce de León Corp. v. American International Insurance,* 205 DPR 163, 174 (2020); *Municipio Autónomo de Caguas v. JRO Construction*, 201 DPR 703, 710 (2019); *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728 (2016). Es un recurso extraordinario mediante el cual se solicita al tribunal de mayor jerarquía la corrección de un error cometido por el tribunal inferior. *García v. Padró*, 165 DPR 324, 334 (2005). La expedición del *certiorari* descansa en la sana discreción del tribunal, y encuentra su característica distintiva, precisamente, en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *Medina Nazario v. McNeil Healthcare LLC,* supra, pág. 729, citando a *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012). El concepto discreción implica la facultad de elegir entre diversas opciones. *IG Builders et al. v. BBVAPR,* 185 DPR 307, 338 (2012). No obstante, la discreción judicial no es irrestricta y ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión

justiciera. *Íd.*, citando a *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009).

De otra parte, dispone la Ley Núm. 201-2003, *Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003*, en su Artículo 4.006 (b), 4 LPRA sec. 24y(b), que nuestra competencia como Tribunal de Apelaciones se extiende a revisar discrecionalmente órdenes y resoluciones emitidas por el Tribunal de Primera Instancia. A su vez, la expedición de un auto de *certiorari* debe evaluarse a la luz de los criterios enumerados por la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, según la cual:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Aun cuando surgiera alguno de los criterios dispuestos en la Regla 40 de nuestro Reglamento, la determinación sobre su expedición sigue siendo una discrecional. Nuestro Tribunal Supremo lo explicó en *Pueblo v. Díaz De León*, 176 DPR 913, 918 (2009), al indicar que la amplitud del recurso moderno de *certiorari* no significa que sea equivalente a una apelación, pues sigue siendo discrecional y los tribunales debemos utilizarlo con cautela y por razones de peso.

–B–

En la Constitución de los Estados Unidos, en su Segunda Enmienda establece que "no se coartará el derecho del pueblo a tener y portar armas." Emda. II, Const. EE. UU., LPRA, Tomo 1. El derecho a portar armas se ha extendido a los Estados en virtud de la cláusula del debido proceso de ley contenida en la Decimocuarta Enmienda de la Constitución Federal. *Pueblo v. Morales Roldán*, 213 DPR 112, 1120 (2024). Además, se ha precisado que este derecho es individual, por lo que, las personas pueden poseer y portar armas para su defensa propia tanto dentro como fuera de sus hogares. *Íd.*, págs. 1120-1121.

No obstante, el Tribunal Supremo de los Estados Unidos ha indicado que ese derecho no es ilimitado. *Pueblo v. Morales Roldán*, supra. Es decir, no hay un derecho a poseer y portar cualquier arma de cualquier manera y para cualquier propósito. *McDonald v. Chicago*, 561 US 742, 786 (2010); *District of Columbia v. Heller*, 554 US 570, 626 (2008). De esa forma, quedó claro que el Estado está facultado para regular la posesión, portación y venta de las armas de fuego. *Íd.*

-C-

De otro lado, nuestro Tribunal Supremo precisó en *Pueblo v. Morales Roldán*, supra, pág. 1125, que la *Ley para la Prevención e Intervención con la Violencia Doméstica* del 15 agosto de 1989, según enmendada, 8 LPRA sec. 601 *et seq.* (Ley Núm. 54-1989), les confirió a los Jueces del Tribunal de Primera Instancia la facultad de dictar medidas afirmativas de protección a favor de toda persona que así lo solicite por medio de un proceso civil sencillo y ágil. Exposición de Motivos de la Ley Núm. 54-1989. Así pues, la Ley Núm. 54-1989, *supra*, autoriza a cualquier persona que haya sido víctima de violencia, en el contexto de una relación de pareja, a presentar una *Petición* en el Tribunal de Primera Instancia y solicitar una *Orden de Protección*, sin que sea necesaria la presentación previa de una denuncia o acusación. Art. 2.1 de la Ley Núm. 54-1989, 8 LPRA sec. 621.

Además, el Artículo 2.1 de la Ley Núm. 54-1989, exige que, de expedirse una *Orden de Protección* en contra de un poseedor de un arma de fuego al amparo de dicho estatuto, se lleve a cabo el siguiente procedimiento:

[…]

Cuando el tribunal así lo entienda o emita una orden de protección o de acecho, de inmediato el tribunal ordenará a la parte promovida entregar a la Policía de Puerto Rico para su custodia, cualquier arma de fuego perteneciente al promovido y sobre la cual se le haya expedido una licencia de tener o poseer o de portación, o de tiro al blanco, de caza o de cualquier tipo, según fuera el caso. La orden de entrega de cualquier arma de fuego, así como la suspensión de cualquier tipo de licencia de armas de fuego, se pondrá en rigor de forma compulsoria. Asimismo, al emitirse dicha orden por un tribunal, dicho dictamen tendrá el efecto de suspender la licencia de poseer o portar cualquier arma de fuego, incluyendo de cualquier tipo, tales como, pero sin limitarse a, tiro al blanco, de

caza o de cualquier tipo, aun cuando forme parte del desempeño profesional del imputado. Dicha restricción se aplicará como mínimo por el mismo período de tiempo en que se extienda la orden. *Cualquier violación a los términos de la orden de protección, que resulte en una convicción, conllevará la revocación permanente de cualquier tipo de licencia de armas que el promovido poseyere, y se procederá a la confiscación de las armas que le pertenezcan.* El objetivo de este estatuto es eliminar la posibilidad de que el imputado pueda utilizar cualquier arma de fuego para causarle daño corporal, amenaza o intimidación al peticionario o a los miembros de su núcleo familiar. Véase, además: *Pueblo v. Morales Roldán*, supra, págs. 1125-1126.

### III.

En el caso de autos, el señor Muñiz alega que incidió el foro primario al denegar su solicitud de devolución de licencia de ley de armas, cuando la jurisdicción y competencia le corresponde al foro *a quo*.

Según surge del expediente, en contra del señor Muñiz fue expedida una orden de protección, la cual tenía vigencia hasta el 27 de diciembre de 2023. Por consiguiente, le fue removida su licencia de ley de armas. Habiendo culminado la vigencia de la orden de protección, el recurrente presentó una *Moción en Solicitud de Orden*, mediante la cual, solicitó al foro primario que le ordenara a la Policía a devolverle su licencia de armas.

Como es sabido, este Tribunal no intervendrá con el ejercicio de la discreción del foro primario, salvo que se demuestre que dicho tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Cruz Flores et al. v. Hosp. Ryder et al.*, 210 DPR 465, 497 (2022). A su vez, el *certiorari* es un recurso extraordinario mediante el cual un tribunal de

mayor jerarquía puede revisar, a su discreción, una decisión de un tribunal inferior. *IG Builders et al. v. BBVAPR*, supra. A esos efectos, la naturaleza discrecional del recurso de *certiorari* queda enmarcada dentro de la normativa que le concede deferencia de las actuaciones de los Tribunales de Primera Instancia, de cuyas determinaciones se presume su corrección.

Cónsono con lo anterior, luego de evaluar el recurso de epígrafe, y revisar el expediente ante nos, es nuestra apreciación que, al amparo de la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendado, en este caso existen fundamentos jurídicos que nos mueven a ejercer nuestra facultad discrecional por lo que disponemos expedir el auto de *certiorari*.

Conforme surge de la normativa antes expuesta, una vez emitida una orden de protección, el foro de instancia ordenará a que se entreguen las armas de fuego a la Policía de Puerto Rico para que las custodie durante la vigencia de la orden de protección. Dicha orden de entrega de cualquier arma de fuego, así como la suspensión de la licencia de armas, es compulsoria. Art. 2.1 de la Ley Núm. 54-1989.

A la luz de lo esbozado, el foro primario debió evaluar la solicitud sobre la devolución de la licencia de armas. Su ocupación fue al amparo de una orden judicial según lo exige la Ley Núm. 54-1989, *supra*, y no por un proceso administrativo iniciado por la Policía de Puerto Rico. Por ello, el señor Muñiz, si desea recuperar su licencia de armas ocupada no tiene que agotar el trámite administrativo ante una incautación ordenada por el tribunal. A su vez, la *Orden de*

*Protección* mediante la cual se ocupó la licencia de armas ya venció.

En conclusión, toda vez que la ocupación fue por intervención del foro primario, tenía la competencia y el deber de evaluar la solicitud del peticionario y así, emitir la determinación correspondiente. Claro, esto supone que al evaluar la procedencia de la solicitud de devolver la licencia de armas, el tribunal verificará que no existe ninguna otra orden o circunstancia que impida conocer lo solicitado. Por lo que, concluimos que el Tribunal de Primera Instancia cometió el error señalado por el señor Muñiz.

**IV.**

Por los fundamentos antes expuestos, **EXPEDIMOS** el auto de *certiorari* y **REVOCAMOS** la *Resolución* recurrida. Por consiguiente, devolvemos el caso al Tribunal de Primera Instancia, Sala Municipal de Ponce, para que proceda de manera cónsona con nuestros pronunciamientos.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones